■ ROBERT KAUFER, Appellant, v NEW JERSEY MANUFACTURERS INSURANCE COMPANY, Respondent.—In an action for a judgment declaring that an automobile liability insurance policy issued by the defendant afforded coverage to the vehicle in which the plaintiff was a passenger when he was injured, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), dated June 6, 1985, which denied his motion for summary judgment, and granted the defendant's cross motion for summary judgment, and dismissed the complaint.

Judgment modified, by deleting from the second decretal paragraph thereof the words "granted in its entirety and the

Complaint of the plaintiff is dismissed", and substituting therefor the words "denied in its entirety". As so modified, judgment affirmed, with costs to the plaintiff.

Upon the record before Special Term, it was not possible to determine whether title had passed from the insured owner-seller to the buyer before the occurrence of the accident in which the plaintiff was injured. According to the law of New Jersey, which is applicable to this action, title passes to the buyer, thereby relieving the insurer of its obligation to defend and indemnify, only when, *inter alia,* the seller delivers a fully executed assignment of certificate of title to the buyer *(see, Eggerding v Bicknell,* 20 NJ 106, 118 A2d 820; *cf. New Jersey Mfrs. Ins. Co. v Keystone Ins. Co.,* 112 NJ Super 585, 272 A2d 306).

However, the papers of the defendant do not establish that the seller had inserted on the assignment the name of the buyer and the date of the transaction *(see, Eggerding v Bicknell, supra).* Therefore, its cross motion for summary judgment should have been denied by Special Term.

On the other hand, the plaintiff's moving papers contain only equivocal statements of the buyer as to whether or not the necessary assignment documents were properly completed by the seller.

Accordingly, the question of the defendant insurer's obligations under its liability policy cannot be determined without further discovery and/or a trial. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur. *[See,* 128 Misc 2d 16.]